**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN F. HOOKS,

                Plaintiff,

-vs-                                          Case No. 3:13-cv-891-J-34JBT

GEICO GENERAL INSURANCE
COMPANY, INC.,

                Defendant.
_____

**ORDER**

**THIS CAUSE** is before the Court on GEICO General Insurance Company's Motion for Summary Judgment (Doc. No. 23; Motion) filed on September 2, 2014. In support of the Motion, Defendant filed numerous exhibits, including the Florida Traffic Crash Report (Doc. No. 24-1; Crash Report) for the accident that occurred on May 27, 2003, the Affidavit of Claims Manager Rita Collier (Doc. No. 24-2; Collier Aff.), the Activity Log for the relevant claim (Doc. Nos. 24-3–24-7; Activity Log), as well as various correspondence such as demand letters, Defendant's responses to those demand letters, proposals for settlement, and notices from Defendant to Plaintiff (Doc. Nos. 24-8–24-16, 24-18–24-41), an internal e-mail (Doc. No. 24-17), and the Deposition of Carlos Orozco (Doc. No. 24-42; Orozco Dep.). On September 22, 2014, Plaintiff filed Plaintiff's Response and Memorandum in Opposition to GEICO's Motion for Summary Judgment (Doc. No. 28; Response). In addition to copies or partial copies of the exhibits Defendant filed in support of its Motion, see Exhibits A-C to Response (Doc. Nos. 28-1–28-3), Exhibits I-J to Response (Doc. Nos. 28-9–28-10), Plaintiff

filed the following in support of his opposition: excerpts from the deposition testimony of David Seavey taken both in this case (Doc. No. 28-4; Seavey Dep.) and the case of <u>Sowell v. GEICO Casualty Insurance Company</u>, 3:12-cv-226-MCR/EMT (N.D. Fla.) (Doc. No. 28-8; Second Seavey Dep.), an excerpt of the Deposition of Melody Kiehl Toma taken in the case of <u>Griffith v. GEICO General Insurance Company</u>, 3:13-cv-460-J-32TEM (M.D. Fla.) (Doc. No. 28-15; Toma Dep.), printouts from Defendant's Mainframe (Doc. No. 28-5) and its ClaimQ Activity Log (Doc. No. 28-7), the Affidavit of John Hooks (Doc. No. 28-6; Hooks Aff.), excerpts from documents entitled "Claims Manual" (Doc. No. 28-14) and "TCR2 Preparatory and Post School" (Doc. No. 28-16), a complete copy of "Lesson Two, Good Faith Claim Handling, Continuing Unit Manual" (Doc. No. 28-18; Continuing Unit Manual), and the Deposition of Rutledge R. Liles (Doc. No. 29-1; Liles Dep.).[1]  With the Court's leave, Defendant filed a reply to the Response on November 6, 2014, <u>see</u> GEICO General Insurance Company's Reply to Hooks's Response and Memorandum in Opposition to GEICO's Motion for Summary Judgment (Doc. No. 35; Reply), and Plaintiff filed a sur-reply on November 21, 2014, <u>see</u> Plaintiff's Sur-Reply to Defendant GEICO's Reply to Hooks' Response and Memorandum in Opposition to GEICO's Motion for Summary Judgment (Doc. No. 39; Sur-Reply).  The Motion is fully briefed and ripe for judicial review.

Under Rule 56, Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

---

[1] For reasons unclear to the Court, Plaintiff filed both an excerpt and a complete copy of the Continuing Unit Manual as separate exhibits (Doc. Nos. 28-11, 28-18), and an excerpt of the Liles Deposition (Doc. No. 28-13) in addition to the complete copy of his testimony as a supplemental exhibit to the Response. <u>See</u> Notice of Filing Supplemental Exhibit to Plaintiff's Response and Memorandum in Opposition to GEICO's Motion for Summary Judgment (Doc. 28) (Doc. No. 29).

fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).[2] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to

---

[2] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 advisory committee's note 2010 Amendments.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.  In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

As a preliminary matter, the Court notes that in the Reply, Defendant GEICO General Insurance Company (GEICO) objects to the consideration of the Second Seavey deposition because it was not taken in this case.  See Reply at 3-4.  Rule 32, which governs the use of depositions, provides:

> A deposition lawfully taken and if, required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action.  A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Fed. R. Civ. P. 32(a)(8).  GEICO cites the first sentence of Rule 32(a)(8) as a clear prohibition on the use of depositions in actions that do not involve the same subject matter between the same parties.  See Reply at 3-4.  In response, Plaintiff John Hooks (Hooks) contends that the second sentence of Rule 32(a)(8) permits the use of depositions as the Federal Rules of Evidence allow, which include using prior inconsistent statements to attack a witness's credibility.  See Sur-Reply at 6.  The Eleventh Circuit has previously affirmed the

district court's consideration of deposition testimony given in a separate litigation that did not involve all of the same parties. The Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738 (11th Cir. 2002), abrogated on other grounds by Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249 (11th Cir. 2010). In Matthews, the court explained: "Depositions are generally admissible provided that the party against whom they are admitted was present, represented, or reasonably noticed." Id. at 751 (citing Fed. R. Civ. P. 32(a)). Indeed, "[a] deposition taken in a different proceeding is admissible if the party against whom it is offered was provided with an opportunity to examine the deponent." Id. (citing Fed. R. Evid. 804(b)(1)). Under this authority, the Second Seavey deposition is admissible, as GEICO was a defendant in the Sowell action, and therefore was represented at his deposition.[3]

Moreover, Seavey's deposition testimony in the Sowell case is not dispositive of the instant Motion. In this action, Hooks asserts a claim of bad faith against GEICO. See generally Complaint (Doc. No. 2). Hooks alleges that he caused a motor vehicle accident resulting in injuries to Donald Hollenbeck (Hollenbeck), and GEICO acted in bad faith by failing to settle Hollenbeck's claim against him within his policy limits and failing to inform him of his likely exposure to an excess judgment. See id. Under Florida law, an insurer handling the defense of claims against its insured owes "a duty to use the same degree of care and

---

[3] Although there is authority from the Tenth Circuit declining to follow the Eleventh Circuit, the Matthews decision is binding on this Court. See Tingey v. Radionics, 193 F. App'x 747 (10th Cir. 2006). Further, while the court in Tingey rejected Matthews, it found that consideration of a deposition taken in another proceeding was nevertheless proper on summary judgment because the deposition could be construed as an affidavit and the opposing party could notice an additional deposition or submit an affidavit to controvert the testimony. See id. at 765-66. Thus, even under the Tenth Circuit's reasoning, consideration of the Second Seavey deposition is appropriate.

diligence as a person of ordinary care and prudence should exercise in the management of his own business." Boston Old Colony Ins. Co. v. Gutierrez, 386 So. 2d 783, 785 (Fla. 1980). In Boston Old Colony, the Florida Supreme Court explained this standard:

> For when the insured has surrendered to the insurer all control over the handling of the claim, including all decisions with regard to litigation and settlement, then the insurer must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured. This good faith duty obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same. The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so. Because the duty of good faith involves diligence and care in the investigation and evaluation of the claim against the insured, negligence is relevant to the question of good faith.

Id. "Bad faith may be inferred from a delay in settlement negotiations which is willful and without reasonable cause." Powell v. Prudential Property & Cas. Ins. Co., 584 So. 2d 12, 14 (Fla. 3d DCA 1991).

Further, the fact that an insurer ultimately tendered the policy limits "does not automatically insulate an insurer from liability for bad faith." Id. Instead, whether an insurer acted in bad faith is determined based on the totality of the circumstances. Berges v. Infinity Ins. Co., 896 So. 2d 665, 680 (Fla. 2004); see also Batchelor v. Geico Cas. Co., No. 6:11-cv-1071-Orl-37GJK, 2014 WL 7224619, at *6 (M.D. Fla. Dec. 16, 2014) ("The question of bad faith extends to the insurer's 'entire conduct in the handling of the claim,' and liability turns on the fact-intensive, totality of the circumstances standard.") (internal citations omitted). "To fulfill the duty of good faith, an insurer does not have to act perfectly,

prudently, or even reasonably. Rather, insurers must 'refrain from acting solely on the basis of their own interests in settlement.'" Novoa v. Geico Indem. Co., 542 F. App'x 794, 796 (11th Cir. 2013) (per curiam) (quoting State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 58 (Fla. 1995)). Moreover, "no obligation exists to accept a settlement offer (or to tender policy limits in advance of a settlement offer) without time for investigation." Johnson v. Geico General Ins. Co., 318 F. App'x 847, 851 (11th Cir. 2009) (per curiam). Last, whether an insurer acted in good faith is generally a jury question; however, summary judgment is appropriate "where the undisputed facts would allow no reasonable jury to conclude the defendant acted in bad faith." Id. at 849-50.

In its Motion, GEICO argues that it is entitled to summary judgment because there is no evidence to create an issue of material fact as to whether it acted in bad faith. See generally Motion. It contends that it responded to Hollenbeck's settlement demands with reasonable counteroffers based on the information GEICO had at the time. See id. at 18-21. GEICO states that it promptly conducted an independent investigation of Hollenbeck's injuries and offered Hooks' policy limits as soon as it became apparent that Hollenbeck's injuries would exceed that amount. See id. at 7, 19-21. As to GEICO's alleged failure to communicate with Hooks, GEICO maintains that there is no record evidence to support such allegations because it "engaged in innumerable communications with Hooks throughout the claims handling process which kept Hooks informed of settlement opportunities." Id. at 22. In Hooks' Response, he argues that GEICO had sufficient information from the two offers of settlement Hollenbeck's attorney sent GEICO which included medical reports and records to determine that Hollenbeck suffered damages that exceeded the $25,000 policy limits.

See Response at 2-6, 13-15, Twenty Day Offer to Settle dated January 20, 2004, Exhibit 5 to Motion and Exhibit B to Response (Doc. Nos. 24-9, 28-2; Initial Offer to Settle); Letter dated May 19, 2004, Exhibit 7 to Motion, Exhibit I to Response (Doc. Nos. 24-11, 28-9; Second Offer to Settle).

Specifically, Hooks contends that even though the Initial Offer to Settle and supporting documentation informed GEICO that Hollenbeck, a thirty-one year old, had suffered a 12% permanent impairment as a result of the accident and would likely need $2,000-$3,000 worth of medical treatment per year for the rest of his life, GEICO only offered to settle Hollenbeck's claim for $2,000. See Response at 3-4, 13. In response, GEICO has submitted evidence suggesting that it had reason to discount the damages set forth in the Initial Offer to Settle based upon the existence of prior worker's compensation and bodily injury claims as well as the speculative nature of Hollenbeck's future damages, and that it reasonably requested further information. See Orozco Dep. at 18-19, 87. However, Hollenbeck's counsel provided additional information in the Second Offer to Settle, explaining that the prior worker's compensation claim did not result in permanent injury and that Hollenbeck had not made a previous bodily injury claim, and again demanded the $25,000 policy limits. GEICO acknowledged receipt of the Second Offer to Settle but requested further medical documentation in the form of MRI films that Hollenbeck's counsel stated he did not have. See Second Offer to Settle; Exhibit 8 to Motion, Exhibit J to Response (Doc. Nos. 24-12, 28-10; GEICO's Response to Second Offer to Settle). In GEICO's Response to Second Offer to Settle, it made another counteroffer of $11,500. Hooks contends that this second offer was not in his best interests because it exposed him

to an excess judgment when GEICO could and should have settled Hollenbeck's claim within the policy limits. See Response at 14-15. GEICO does not explain how it reached the figure of $11,500 or why it completely discounted Hollenbeck's alleged future medical expenses.

Hooks also argues that GEICO acted in bad faith in failing to advise him of the probable outcome of Hollenbeck's litigation. See Sur-Reply at 4-5. There is evidence that GEICO notified Hooks that an excess judgment was possible, but the record fails to establish whether GEICO ever advised Hooks of the likely outcome of Hollenbeck's claim. Upon review of the evidence submitted, the Court finds that there are genuine issues of material fact as to whether GEICO's settlement offers were reasonable in light of the information it had at the time, and whether GEICO sufficiently advised Hooks of the probable outcome of litigation against him that preclude the entry of summary judgment. Therefore, the Motion is due to be denied.

In light of the foregoing, it is **ORDERED**:

1. GEICO General Insurance Company's Motion for Summary Judgment (Doc. No. 23) is **DENIED**.

    2.    In light of the denial of summary judgment, the parties shall confer, agree upon a mediator, schedule a mediation to be completed no later than **March 9, 2015**, and file a notice advising the Court of the mediator and date of mediation.

    3.    In order to accommodate the mediation, the final pretrial conference set for January 20, 2015, at 10:00 a.m. is cancelled, and this case is removed from the February 2, 2015 trial term.

    4.    The final pretrial conference is reset for April 20, 2015, at 10:00 a.m.  The jury trial is set for the trial term commencing on May 4, 2015, at 9:30 a.m.  The Joint Final Pretrial Statement shall be filed no later than April 13, 2015.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of January, 2015.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record