UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN F. HOOKS,

      Plaintiff,

v.                                    CASE NO. 3:13-cv-891-J-34JBT

GEICO GENERAL INSURANCE
COMPANY, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion for Award of Costs

("Motion") (Doc. 153), Plaintiff's Response thereto (Doc. 158), and Defendant's

Reply (Doc. 165).  Following a jury trial, final judgment was entered in favor of

Defendant and against Plaintiff, entitling Defendant to an award of costs pursuant

to 28 U.S.C. § 1920.  (Doc. 146.)  Defendant now seeks a total of $21,064.59 in

costs.  (Doc. 153.)  Plaintiff does not dispute Defendant's entitlement to costs, but

argues that Defendant is entitled to no more than $10,049.41 in costs pursuant to

section 1920.  (Doc. 158.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## I.    Summary of Recommendation

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS**

that the Motion be **GRANTED in part** and **DENIED in part**, and that Defendant

recover a total of $12,037.96 in costs as follows:

|    | Type of Cost | Amount Sought | Amount Recommended |
|----|-------------|--------------|-------------------|
| 1. | Clerk Fees | $400.00 | $400.00 |
| 2. | Service of Subpoenas | $1,615.00 | $1,055.00 |
| 3. | Transcript Costs | $7,149.62 | $4,217.15 |
| 4. | Witness Fees | $93.00 | $93.00 |
| 5. | Copy Costs | $11,397.77 | $6,272.81 |
| 6. | Mediation/Investigation | $409.20 | $0.00 |
|    | Total | $21,064.59 | $12,037.96 |

## II.    Standard

"Prevailing parties are entitled to receive costs under Fed. R. Civ. P. 54(d), but

a court may only tax costs as authorized by statute." *Beach-Mathura v. Am. Airlines,*

*Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014) (quotations omitted).[2]  Defendant seeks

to recover costs pursuant to 28 U.S.C. § 1920, which provides in relevant part that

a court may tax the following costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or
> electronically recorded transcripts necessarily obtained for
> use in the case; (3) Fees and disbursements for printing
> and witnesses; (4) Fees for exemplification and the costs
> of making copies of any materials where the copies are

---

[2] Although the undersigned does not rely on unpublished opinions as precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

necessarily obtained for use in the case . . . .

## III.    Analysis

With the exception of the $400.00 for Clerk fees and the $93.00 for witness fees, which the undersigned recommends are recoverable pursuant to sections 1920(1) & (3), Plaintiff opposes some or all of the costs sought in each of the categories set forth above.[3] (*See* Doc. 158.) The Motion itself provides no specific information regarding individual costs and makes no specific arguments regarding the recoverability thereof. (*See* Doc. 153.) Rather, in support of its requests, Defendant relies on a 101-page attachment that includes a proposed bill of costs (Doc. 153-1 at 1–2), an itemization of the amounts sought for each type of cost (*id.* at 3–8), and various invoices in support of these amounts (*id.* at 9–101). The only arguments regarding specific costs made by Defendant are found in its Reply, which addresses only a portion of the issues raised by Plaintiff. The undersigned will address the disputed costs in each category in turn.[4]

---

[3] Although one witness fee totaling $53.00 exceeds the statutory amount of $40.00 set forth in 28 U.S.C. § 1821(b), and no information regarding travel costs is provided (Doc. 153-1 at 48), in light of the lack of opposition thereto, the undersigned recommends that Defendant recover the entire amount sought because the additional $13.00 in apparent travel costs appears reasonable. *See Cadle v. Geico Gen. Ins. Co.*, Case No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *7 n.15 (M.D. Fla. July 14, 2015) (allowing recovery of unopposed witness fees in excess of the amount provided by statute).

[4] Upon review, the undersigned recommends that the individual costs not challenged by Plaintiff are recoverable under section 1920, and they will not be addressed further herein.

### A.    Costs for Service of Subpoenas

The costs of serving subpoenas using a private process server are recoverable under section 1920(1).  *See Martinez v. Hernando Cty. Sheriff's Office*, Case No. 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *5 (M.D. Fla. Nov. 13, 2013) ("Costs for private service of summons and subpoenas may be taxed pursuant to section 1920(1).") (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)).  However, these costs cannot exceed the rate charged by the U.S. Marshal, $65.00 per hour for each item served, plus travel costs and out-of-pocket expenses, as provided in 28 C.F.R. § 0.114(a)(3).  *See Martinez*, 2013 WL 6047020, at *5.[5]

Defendant seeks to recover $1,615.00 in costs for serving subpoenas.  (Doc. 153-1 at 4–5.)  Plaintiff argues that many of these costs are either not recoverable or should be reduced.  (Doc. 158 at 3–6.)  For the reasons that follow, the undersigned recommends that the Defendant recover $1,055.00 of the $1,615.00 sought for service of subpoenas.

### 1.    Multiple Service Attempts

"[I]t is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts." *Cadle*, 2015 WL

---

[5] Although the court in *Martinez* used a rate of $55.00, 28 C.F.R. § 0.114(a)(3) now provides for a rate of "$65 per hour (or portion thereof) for each item served." *See* 2013 WL 6047020, at *5.  Although this is an hourly rate, the court in *Martinez* awarded the statutory rate for each item served and made no mention of hourly rates or time.  *See id.* Here, the process server's invoices contain no information regarding time, expenses, or travel costs.  Therefore, the undersigned recommends that the statutory rate be applied per item in this case as well.

4352048, at *3.  Plaintiff argues that the unsuccessful attempts to serve Donald Hollenbeck at two incorrect addresses, totaling $160.00, and service of Michael Seelie, Esq. at an additional address, totaling $35.00, were not necessary or justified.  (Doc. 158 at 3–5.)  Defendant argues only that it relied on the address provided by Mr. Hollenbeck in a previous deposition.  (Doc. 165 at 2.)

The undersigned recommends that Defendant's reliance on Mr. Hollenbeck's prior testimony regarding his address was reasonable, and that the cost for the first attempt to serve Mr. Hollenbeck at that address is recoverable.  However, Defendant fails to explain why it was charged twice for that same service attempt, or why, after researching Mr. Hollenbeck's address, it attempted service again at another incorrect address.[6]  (*See* Doc. 153-1 at 20–22, Doc. 165 at 2.)  Additionally, Defendant has failed to justify why service of Mr. Seelie at a second address was required.  (*See* Doc. 153-1 at 30, Doc. 165.)  Therefore, the undersigned recommends that Defendant is not entitled to the duplicative $40.00 charge for attempted service at Mr. Hollenbeck's first incorrect address, the $60.00 charge for attempted service at his second incorrect address, or the $35.00 charge for service at Mr. Seelie's second address, resulting in a reduction of $135.00.

## 2.   Costs for Rush Service

Plaintiff argues that Defendant is entitled to recover only $60.00 of the

---

[6] According to the process server's invoices, Defendant was charged twice for the same service attempt at the first address, once for $40.00 (Doc. 153-1 at 20) and once for $60.00 (*id.* at 21).  The undersigned recommends that only $60.00 is recoverable.

$100.00 sought for each of the seven trial subpoenas served because $40.00 of each was attributable to an unnecessary rush service fee.  (Doc. 158 at 5.) Defendant argues that rush service was required because the parties did not learn that the trial would be set for August 3, 2015, until July 22, 2015, necessitating rush service of trial subpoenas.  (Doc. 165 at 2–3, Doc. 87.)  Even assuming rush service was necessary, Defendant cites no authority for the proposition that it may recover more than $65.00 per subpoena as provided by statute in the absence of any information regarding time, travel, or out-of-pocket expenses.  *See Martinez*, 2013 WL 6047020, at *5.  Therefore, the undersigned recommends that Defendant recover only $65.00 for each of the seven trial subpoenas served, resulting in a reduction of $245.00 ($35.00 reduction per subpoena x 7 subpoenas).

### 3.   Unnecessary Subpoenas

Citing no authority for his position, Plaintiff argues that service of Defendant's trial subpoena on Julia Miller, Esq. was not necessary because she was an employee of Defendant and because Plaintiff subpoenaed Ms. Miller to testify at trial. (Doc. 158 at 5.)  The undersigned recommends that these arguments be rejected, and that, for the reasons explained above, Defendant be entitled to recover $65.00 of the $100.00 sought for service of the subpoena on Ms. Miller.[7]  *See Cadle*, 2015 WL 4352048, at *4 n.6 (rejecting a plaintiff's argument that "she should not have to pay for the costs to serve Defendant's trial subpoenas because she separately paid

---

[7] This is included as one of the seven trial subpoenas discussed above.

6

to subpoena the same individuals").

Plaintiff also argues that Defendant should not recover the costs of serving three subpoenas for the depositions of Eric Block, Esq., Daniel Iracki, Esq., and Raymond Roebouck, Esq., totaling $180.00, because these depositions were not taken. (Doc. 158 at 5–6.) Defendant makes no argument to the contrary. (*See* Doc. 165.) The undersigned recommends that the costs of serving these subpoenas are not recoverable. *See Mull v. Trinity Yacht Sales & Chartering, LLC*, Case No. 07-21358-CIV, 2009 WL 4594965, at *1 (S.D. Fla. Dec. 1, 2009) ("The Court agrees" that a party "is not entitled to reimbursement for subpoenas sent to individuals where the depositions were cancelled and never rescheduled."). This results in a reduction of $180.00 ($60.00 per subpoena x 3 subpoenas).

Accordingly, the undersigned recommends that Defendant is entitled to recover $1,055.00 of the $1,615.00 sought for service of subpoenas ($1,615.00 - $135.00 - $245.00 - $180.00).

## B.    Transcript Costs

"Fees for printed or electronically recorded transcripts" are recoverable under section 1920 as long as they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendant seeks to recover $7,149.62 in costs for such transcripts. (Doc. 153-1 at 5.) As fully set forth in its "Objections to Costs for Deposition and Trial Transcripts" (Doc. 158-1), Plaintiff objects to many of the costs incurred by Defendant related to the subject transcripts, including videos, exhibits,

shipping, digital transcripts, summaries, read and sign procurements, and condensed transcripts.  (*See id.*)  For the reasons that follow, the undersigned recommends that Defendant recover $4,217.15 of the $7,149.62 sought for transcript costs.

Although Defendant addresses the video and shipping costs in its Reply, it has failed to show that any of the disputed items were necessarily obtained for use in this case as required by section 1920.  Regarding video deposition costs:

> [T]he Eleventh Circuit has held that it is proper to award costs for both a videotape and a stenographic transcript of a deposition when a party notices a deposition to be recorded by videotape, or by both stenographic means and videotape, and the other party raises no objection at that time to the method of recording.  However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary.

*DuChateau v. Camp Dresser & McKee Inc.*, Case No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012) (quotations and citations omitted).

Neither party has addressed how the depositions were noticed or whether any objection was made regarding the subject videos.  Rather, Plaintiff argues that Defendant failed to show why both the stenographic transcript and the video of the subject depositions were necessary.  (Doc. 158 at 6–9.)  Citing no authority for its position, Defendant argues that the video depositions were necessary because the trial date was not set until July 22, 2015, and Defendant did not know until that time

8

whether its witnesses would be available to testify at trial.  (Doc. 165 at 3.)  However, Defendant provides no reason why, at the time it noticed the subject depositions, it believed that these witnesses would not be available for trial or subject to the Court's subpoena power.  Thus, the undersigned recommends that this argument be rejected, and that Defendant is not entitled to recover the $1,917.50 sought for video costs.

Additionally, Defendant argues that shipping and delivery costs related to the subject transcripts are recoverable.  (Doc. 165 at 3–4.)  "Although some courts in this circuit allow for the recovery of delivery fees associated with transcripts, others have reached the contrary conclusion." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) (citations omitted) (collecting cases).  The undersigned recommends that Defendant is not entitled to recover the $201.47 sought for shipping costs.  *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions . . . .").

Defendant makes no argument or sufficient showing regarding the necessity of the remainder of the disputed transcript costs.  Upon review, the undersigned recommends that the remaining costs for exhibits, digital transcripts, summaries, read and sign procurements, condensed transcripts, and portions of trial transcripts, which total $813.50, are not recoverable absent a showing by Defendant that they were necessarily obtained for use in this case.  *See, e.g.*, *Cadle*, 2015 WL 4352048,

9

at *6 (finding that costs for transcript exhibits, digital and condensed transcripts, summaries, and shipping of transcripts are not recoverable).

Therefore, the undersigned recommends that Defendant recover $4,217.15 of the $7,149.62 sought for transcript costs ($7,149.62 - $1,917.50 - $201.47 - $813.50).

## C.   Copy Costs

"Costs for making copies of any materials . . . necessarily obtained for use in the case are taxable.  Specifically, [c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable[,] whereas [c]opies obtained only for the convenience of counsel, such as [e]xtra copies of filed papers, correspondence, and copies of cases are not." *Cadle*, 2015 WL 4352048, at *8 (quotations and citations omitted).   Additionally, "[a]s the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary. . . . Rather, the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies . . . and whether the copies made were related to the action at issue." *Monelus, Inc.*, 609 F. Supp. 2d at 1335 (citations omitted).

Defendant seeks to recover $11,397.77 in costs for copies.  (Doc. 153-1 at 6–8.)  Plaintiff argues that these costs are excessive and include items which are not

10

taxable or not properly substantiated by Defendant.  (Doc. 158 at 9–16.)  For the reasons that follow, the undersigned recommends that Defendant recover $6,272.81 of the $11,397.77 sought for copy costs.

### 1.    Invoices for $655.75 and $23.54

Plaintiff argues that a nine-page invoice (Doc. 153-1 at 51–59), from which all information except the number of copies and the rate charged per copy has been redacted, is insufficient to show that these copies were necessarily obtained for use in this case.  (Doc. 158 at 11–12.)  Citing no authority for its position, Defendant argues that these in-house copies were necessary because Defendant maintains hard copies of its files, and because the copies include pleadings, motions, discovery, and correspondence.  (Doc. 165 at 4.)  This conclusory assertion, along with the heavily redacted invoices, do not provide the Court with sufficient information to determine the purpose of the copies as required.  *See Monelus, Inc.*, 609 F. Supp. 2d at 1335.  Therefore, the undersigned recommends that the $655.75 sought for in-house copies is not recoverable.

Plaintiff also argues that the costs for burning a CD and DVD of Defendant's training and claims manuals for production during discovery, totaling $23.54, are not recoverable because Defendant failed to show that both were necessary.  (Doc. 158 at 12.)  Defendant argues that these costs are recoverable because they constitute copies of material produced during discovery.  (Doc. 165 at 5.)  The undersigned

recommends that these costs totaling $23.54 are recoverable.[8] *See Cadle*, 2015 WL 4352048, at *8 ("[C]opies attributable to discovery . . . are recoverable.").

## 2.   Invoices for $265.53 and $476.96

Plaintiff argues that copies provided to Defendant's personnel to prepare for depositions, and to its expert for review, totaling $265.53 and $476.96 respectively (*see* Doc. 153-1 at 6), are not recoverable because duplicate copies and copies of documents already in a party's possession are not recoverable under section 1920. (Doc. 158 at 12–13.)  Defendant argues that the copies were necessary to prepare its adjusters for depositions regarding an accident which occurred over 10 years ago, and for use by its expert in this case.  (Doc. 165 at 4–5.)  Although some of the copies may be duplicative, the undersigned recommends that these costs totaling $265.53 and $476.96 are recoverable because the copies were necessarily obtained for use in this case in order to adequately prepare Defendant's adjusters and expert.

## 3.   Invoices for $5,609.80, $836.85, $102.50, and $114.93

Plaintiff argues that costs for copies of discovery materials received and produced by Defendant, which include blowbacks, manual bates labeling, scanning, copies, and CD and DVD duplication (*see* Doc. 153-1 at 70–71, 78–79, 88–89, 92–93), are not entirely recoverable because they are duplicative.  (Doc. 158 at 14.)  Therefore, Plaintiff argues that Defendant is entitled to recover $3,262.37 of the

---

[8] The undersigned notes that, unlike some other costs addressed herein, it is not readily apparent from the invoice itself that the CD and DVD are duplicates of the same material.  (*See* Doc. 153-1 at 66–67.)

$6,664.08 sought ($2,735.24 + $418.42 + $51.25 + $57.46).[9]  The subject invoices appear to support Plaintiff's position, and Defendant makes no argument or sufficient showing that costs for these duplicative copies are recoverable.[10]  Therefore, the undersigned recommends that Defendant is entitled to recover $3,262.37 of the $6,664.08 sought.  *See Cadle*, 2015 WL 4352048, at *9 (disallowing costs for duplicative copies where the movant failed to explain why they were necessary).

### 4.    Invoices for $1,120.00 and $1,015.04

Plaintiff argues that costs for copies of Defendant's claim files, which were copied and returned to Defendant, totaling $1,120.00 and $1,015.04 (Doc. 153-1 at 95–98), are not recoverable because Defendant failed to show that they were necessarily obtained for use in this action. (Doc. 158 at 15–16.) Plaintiff also argues that many of the copies appear to be duplicative. (*Id.*) Defendant argues that it was necessary for counsel to have its own copies of the claim files in this bad faith action because the original files were returned to Defendant.  (Doc. 165 at 5.)  The undersigned recommends that copies of the claim files were necessarily obtained by counsel for use in this action, but that many of the copies are duplicative and Defendant has failed to show that the duplicate copies were necessary.  Therefore,

---

[9] Plaintiff requests that the $5,609.80 be reduced by $2,874.56 based on specific duplicative charges, and that each of the other amounts be reduced by half.  (Doc. 158 at 14–15.)  Upon review, this across-the-board reduction of 50% appears reasonable based on the apparently duplicative charges in the subject invoices.

[10] The invoices reflect, for example, that the same number of pages were charged as blowbacks, scanned documents, and copies.

for the reasons explained above, the undersigned recommends that Defendant is entitled to recover half of the costs sought for these copies, or $1,067.52 ($560.00 + 507.52).[11]

Therefore, the undersigned recommends that Defendant recover $6,272.81 of the $11,397.77 sought for copy costs ($11,397.77 - $655.75 - $2,874.56 - $418.42 - $51.25 - $57.46 - $560.00 - $507.52).

### D.   Mediation and Investigation ("Other") Costs

Plaintiff argues that the $345.00 sought for mediation costs and the $64.20 sought for investigation costs by Defendant are not recoverable.  (Doc. 158 at 16–18.)  Defendant makes no specific argument to the contrary.  The undersigned recommends that these costs totaling $409.20 are not recoverable.  *See Nicholas v. Allianceone Receivables Mgmt., Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012) (mediation costs are not taxable under 28 U.S.C. § 1920); *Rosa v. City of Fort Myers*, Case No. 2:05-cv-481-FtM-29SPC, 2008 WL 1776458, at *1–2 (M.D. Fla. Apr. 18, 2008) (investigation costs are not taxable under 28 U.S.C. § 1920).

### IV.   Conclusion

The undersigned recommends that Defendant recover a total of $12,037.96 in costs pursuant to 28 U.S.C. § 1920.

---

[11] Plaintiff does not argue for a specific reduction for duplicative copies.  However, upon review of the subject invoices, the undersigned recommends that an across-the-board reduction of 50% is appropriate.

14

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 153**) be **GRANTED in part** and **DENIED in part**.

2.      The Clerk of Court be directed to tax costs in favor of Defendant and against Plaintiff in the total amount of $12,037.96 as follows:

1.      Clerk Fees: $400.00
2.      Service of Subpoenas: $1,055.00
3.      Transcript Costs: $4,217.15
4.      Witness Fees: $93.00
5.      Copy Costs: $6,272.81
6.      Mediation/Investigation ("Other") Costs: $0.00

**DONE AND ENTERED** at Jacksonville, Florida, on November 23, 2015.


JOEL B. TOOMEY
United States Magistrate Judge




Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record